UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 02-CR-0220 (PJS/FLN) |
| Plaintiff, | |
| v. | MEMORANDUM |
| JAMES HULL, | |
| Defendant. | |

Andrew Dunne, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Katherine M. Menendez and Robert Meyers, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant James Hull was convicted of distributing and conspiring to distribute marijuana. Hull was sentenced in February 2004. The version of the United States Sentencing Guidelines then in effect recommended a sentence of 188 to 235 months' imprisonment, based on a base offense level of 32, a total offense level of 36, and a criminal-history category of I. Judge James M. Rosenbaum sentenced Hull to 188 months, the bottom of the guidelines range.

In 2014, the United States Sentencing Commission amended the guidelines to reduce the base offense levels for drug offenses, and the Commission also determined that the amended levels should apply retroactively. U.S.S.G. § 1B1.10(d), app. C amends. 782, 788. This matter is before the Court on Hull's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.  Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010).  Accordingly, a court must first determine "that a reduction is consistent with [U.S.S.G.] § 1B1.10," and then must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826.

Hull's new guidelines range (keeping all other guidelines-application decisions intact, U.S.S.G. § 1B1.10(b)(1)) is 151 to 188 months, based on a base offense level of 30, a total offense level of 34, and a criminal-history category of I.  Hull moves to reduce his sentence by 37 months to 151 months, the bottom of the new range.  The government does not oppose this request.

The Court finds that a reduction to a 151-month sentence comports with U.S.S.G. § 1B1.10 and is warranted under 18 U.S.C. § 3553(a).  The Court will therefore grant Hull's motion, with the following qualification:

At present, Hull's expected release date is May 25, 2017.  Reducing his sentence by 37 months to 151 months would nominally push his release to a date in 2014 (without accounting for any good-time credit).  Hence, two issues arise:

First, no prisoner who benefits from the retroactive amendment may be released from custody before November 1, 2015, because U.S.S.G. § 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  The Court will therefore make November 1, 2015, the effective date of its order reducing Hull's sentence.

Second, the guidelines also provide that the Court may not reduce a term of imprisonment to "be less than the term of imprisonment the defendant has already served" as of the date on which the Court's order is effective.  U.S.S.G. § 1B1.10(b)(2)(C).  Thus, the order that the Court will enter—which will be effective on November 1, 2015—cannot reduce Hull's sentence to a term that is shorter than the term that he will have served as of November 1, 2015.  Courts presented with this predicament have responded by ordering that the prisoner's sentence be reduced to the longer of (1) the "amended" sentence (here, 151 months) or (2) the sentence that the defendant will have served as of the effective date of the court's order (here, November 1, 2015).  *See, e.g.*, *United States v. Espinoza*, No. 8:06-CR-389-T-27MAP, 2015 WL 736396, at *10 (M.D. Fla. Feb. 20, 2015) (granting defendant's motion for reduction "to the extent that his sentence of imprisonment is reduced to 120 months or time served, whichever is longer . . . effective November 1, 2015"); *United States v. Martinez-Cisneros*, No. CR07-4084-DEO,

2015 WL 505619, at *2 (N.D. Iowa Feb. 6, 2015) ("The defendant's previously imposed 136 month term of imprisonment . . . is reduced to 121 months imprisonment.  In the event that the defendant already served 121 months imprisonment as of November 2, 2015, the defendant's sentence is reduced to time served as of November 2, 2015.").

The Court will follow suit and order, effective November 1, 2015, that Hull's sentence be reduced to the longer of the following:  (1) 151 months or (2) the time that Hull will have served as of November 1, 2015.

Dated:  April 8, 2015                           s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge